UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BENJAMIN JAMES RETTIG,

        Plaintiff,                        Civil No. 2:24-cv-10299
                                                         Honorable Paul D. Borman

v.

BENDARSKI, *et al.*,

        Defendants.
_____/

## **OPINION AND ORDER OF SUMMARY DISMISSAL**

This is prisoner civil rights case filed under 42 U.S.C. § 1983. At the time this civil action was filed, Plaintiff Benjamin James Rettig was incarcerated at the G. Robert Cotton Correctional Facility in Jackson, Michigan. His civil rights complaint alleges various claims against Michigan Department of Corrections ("MDOC") officials, the resident unit manager, and the grievance coordinator for violations of his constitutional rights while housed at the Gus Harrison Correctional Facility in Adrian, Michigan. The MDOC's Offender Tracking Information System (OTIS) indicates that Plaintiff was released on parole on February 21, 2024.[1] However, Plaintiff has since failed to inform the Court of his new address.

For the reasons set forth, the Court will dismiss the case without prejudice

---

[1] The Court is permitted to take judicial notice of information on OTIS. *See Ward v. Wolfenbarger*, 323 F. Supp. 2d 818, 821, n.3 (E.D. Mich. 2004).

for Plaintiff's failure to prosecute and comply with Local Rule 11.2.

## I. DISCUSSION

Federal Rule of Civil Procedure 41(b) grants federal courts the authority to dismiss a case for "failure of the plaintiff to prosecute or to comply with these rules or any order of the court." Fed R. Civ. P. 41(b). "This measure is available to the district court as a tool to effect 'management of its docket and avoidance of unnecessary burdens on the tax-supported courts [and] opposing parties.' " *Knoll v. American Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999) (quoting *Matter of Sanction of Baker*, 744 F.2d 1438, 1441 (10th Cir. 1984)). "Not only may a district court dismiss for want of prosecution upon motion of a defendant, but it may also *sua sponte* dismiss an action whenever necessary to 'achieve the orderly and expeditious disposition of cases.' " *Anthony v. Marion Co. Gen. Hosp.*, 617 F.2d 1164, 1167 (5th Cir. 1980) (quoting *Link v. Wabash R.R. Co.*, 370 U.S. 626, 631 (1962)).

Local Rule 41.2 mirrors the federal rule, providing that if "the parties have taken no action for a reasonable time, the court may, on its own motion after reasonable notice or on application of a party, enter an order dismissing or remanding the case unless good cause is shown." E.D. Mich. LR 41.2.

The Sixth Circuit employs four factors to determine whether a case should be

2

dismissed for want of prosecution pursuant to Rule 41(b):

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal of the action.

*Saulsberry v. Holloway*, 622 F. App'x 542, 545 (6th Cir. 2015) (quotation omitted).

With respect to the first factor, Plaintiff's failure to prosecute is due to his own fault. Plaintiff signed and dated his complaint on January 22, 2024. The case was docketed in this Court on February 5, 2024. On February 7, 2024, the Court entered a deficiency order informing Plaintiff of his failure to pay the filing fee or submit the proper application to proceed *in forma pauperis*. On February 27, 2024, Plaintiff cured the filing deficiency, and the Court entered an order granting Plaintiff's application to proceed *in forma pauperis*. The order was returned to this Court as undeliverable on March 12, 2024. It has been over 30 days and Plaintiff has yet to notify the Court of his new address. Since Plaintiff is presently paroled, the Court has no means of contacting him and, therefore, deems the case abandoned due to his inaction. Consequently, the first factor weighs in favor of dismissal.

Regarding the second factor, the Defendants are prejudiced by Plaintiff's failure to prosecute. As to third factor, Plaintiff was notified of his obligation to provide the Court with an updated address pursuant to E.D. Mich. LR 11.2. (ECF

3

No. 5.) Plaintiff was informed that "[t]he failure to file promptly current contact information may subject that person or party to appropriate sanctions, which may include dismissal, default judgment, and costs." *See* E.D. Mich. LR 11.2.

Finally, the Court concludes that dismissal is the only appropriate sanction at this stage of the case. Over 60 days have passed since Plaintiff was released on parole and the length of delay in providing a notice of new address suggests that he will not return to Court to prosecute his case. The Court expends significant resources addressing *pro se* cases, brought by prisoners and non-prisoners. When a *pro se* plaintiff fails to prosecute a case, the Court should be able to use Fed. R. Civ. P. 41(b) as a tool to manage its docket and to avoid "unnecessary burdens" on both the Court and the defendants. *See Knoll*, 176 F.3d at 363. It creates unnecessary burdens when a *pro se* plaintiff files a lawsuit, but does nothing to advance the lawsuit.

For these reasons, all four factors support the Court's dismissal of the case without prejudice for the failure to prosecute.

## II. CONCLUSION

For the reasons stated, the Court concludes that Plaintiff has failed to prosecute his case by failing to promptly update his address with the Court.

4

Accordingly, the Court **DISMISSES WITHOUT PREJUDICE** his Complaint. Nothing in this Order prevents Plaintiff from re-filing this action against Defendants.

    **IT IS SO ORDERED.**

                                           s/ Paul D. Borman
                                           Paul D. Borman
                                           United States District Judge

Dated:  April 29, 2024